UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 21-cv-2721

| | |
|---|---|
| Matthew L. Anderson,<br><br>        Plaintiff,<br>v.<br><br>Messerli & Kramer P.A. and Midland Credit Management Inc.,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Matthew L. Anderson (hereinafter "Plaintiff") brings this action for damages, in response to Defendant Messerli & Kramer P.A. ("Defendant Messerli") and Midland Credit Management Inc. ("Defendant Midland") violations of the rights afforded under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District and Defendants transacts business in this District.

## PARTIES

4. Plaintiff, Matthew L. Anderson (hereinafter "Plaintiff"), is a natural person who resides in the City of Two Harbors, Lake County, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland is a foreign limited liability company and is one of the nation's largest buyers of unpaid debt. Defendant Midland has a principal place of business located at 3111 Camino Del Rio N, Suite 103, San Diego, California 92108. Defendant Midland's registered agent, Corporation Service Company, is located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113. Defendant Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Messerli is a law firm. Defendant Messerli has a registered office located at 100 South Fifth Street, 1400 Fifth Street Towers, Minneapolis, Minnesota 55402. Defendant Messerli also has an office located at 3033 Campus Drive, Suite 250, Plymouth, Minnesota 55441. Defendant Messerli regularly attempts to collect consumer debts alleged to be due another. Defendant Messerli is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about December 6, 2021, Plaintiff received a message from his employer notifying him that Defendants had served the company with a Garnishment Summons and Disclosure.

8. When the person other than Plaintiff defaulted on the Cabela debt, Capital One sold, assigned, or transferred the debt to Defendant Midland for collection.

9. Defendant Midland was in possession of the Cabela debt responsible party's name, address, date of birth, social security number and other personal information.

10. Defendant Midland provided all that information to Defendant Messerli for use in its collection efforts on its behalf.

11. Defendants then filed suit related to the Cabela debt in Goodhue County – court file number 25-cv-21-2235 on August 22, 2021.

12. Eventually the Defendants moved for Default Judgment and provided an affidavit of service showing service of a Matt J. Anderson in Red Wing, Minnesota in August 2021 after a failed attempt in Welch, Minnesota back in June of 2021.

13. Defendants represent to the Goodhue County Court that they had information that concluded that debtor's occupation was Plaintiff's employer even though none of the debtors' personal information matched that of Plaintiff.

14. Defendants caused to be served on Plaintiff's employer a Garnishment Summons and Disclosure November 8, 2021, asserting that Plaintiff was the Judgment Debtor owing $9,420.12.

15. On or about December 6, 2021, Plaintiff received a message from his employer's notifying him that Defendants had served the company with a Garnishment Summons and Disclosure.

16. Defendants preformed shoddy skip-tracing services resulting in the Garnishment Summons being served and targeted to Plaintiff's employer.

17. Defendants had information that the consumer it was attempting to collect from was Matt J. Anderson and not Plaintiff but disregarded the information.

18. At no time did Defendants have Plaintiff's correct social security number, address, date of birth, or account information, as Plaintiff did not and has not ever had a credit card with Capital One with an account.

19. Defendants attempt to garnish Plaintiff's wages were in violation of 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f.

20. Defendants invaded Plaintiff's privacy by intentionally disclosing the existence of, and details concerning some unknown debt owing to some other consumer to Plaintiff's employer in violation of 15 U.S.C. §§ 1692c, 1692d and 1692f.

21. Defendants falsely represented the character, amount, and/or legal status of a debt when they served Plaintiff's employer with the garnishment summons and stating that Plaintiff had an outstanding debt obligation, in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendants' invasion of Plaintiff's privacy was highly offensive to him and would be considered highly offensive to any reasonable individual in similar circumstances.

23. Defendants' invasion of Plaintiff's privacy, the disclosure of the alleged debt, existence of the alleged debt and details concerning the alleged debt to Capital One to his employer, caused him extreme embarrassment and humiliation.

24. As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of humiliation, embarrassment, loss of privacy, anxiety, fear, anger, confusion, and mental anguish.

### TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 *et. seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants communicated the existence of, and details concerning, Plaintiff and some alleged debt to Capital One to a third party, in violation of 15 U.S.C. § 1692c(b) and the other sections described herein.

28. Defendants falsely represented the character, amount, and/or legal status of a debt when they served Plaintiff's employer with the garnishment summons and stating that Plaintiff had an outstanding debt obligation, in violation of 15 U.S.C. § 1692e(2)(A).

29. Defendants attempt to garnish Plaintiff's wages were in violation of 15 U.S.C. §§ 1692d, 1692e, 1692f.

30. Defendants invaded Plaintiff's privacy by intentionally disclosing the existence of, and details concerning some unknown debt owing to some other consumer to Plaintiff's employer in violation of 15 U.S.C. §§ 1692c, 1692d and 1692f.

31. Defendants preformed shoddy skip-tracing services and initiated a collection

lawsuit against a Matt J. Anderson in Goodhue County District Court under case file number: 25-CV-2235, in violation of 15 U.S.C. 1692i(a)(2) as Plaintiff does not live in Goodhue County.

32. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), actual damages, and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY - INTRUSTION UPON SECLUSION

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the personal identifying information of the consumer debtor, Defendants continued to harass Plaintiff and proceeded with the garnishment of his wages.

35. Defendants intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

36. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

37. As a result of Defendants intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- awarding Plaintiff actual and statutory damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1)-(2);
- awarding Plaintiff his reasonable costs and attorney's fees incurred, pursuant to 15 U.S.C. § 1692k(a)(3);
- awarding actual damages for Defendants' illegal intrusion upon Plaintiff's seclusion; and
- for such other and further relief as the Court may deem just and appropriate.

Dated this 21st day of December, 2021.

                                                Respectfully submitted,

                                                By: s/Thomas J. Lyons Jr.
                                                Thomas J. Lyons, Jr., Esq.
                                                Attorney I.D. #249646
                                                **CONSUMER JUSTICE CENTER, P.A.**
                                                367 Commerce Court
                                                Vadnais Heights, MN 55127
                                                Telephone: (651) 770-9707
                                                Facsimile: (651) 704-0907
                                                tommy@consumerjusticecenter.com

                                                ***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Matt L. Anderson, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 21st day of December, 2021.

                                                  s/Matt L. Anderson
                                                  Matt L. Anderson